**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **IN RE: the APPLICATION OF TITO** ) | |
| **ALBERTO BUENROSTRO DIAZ,** ) | |
|     **Petitioner,** ) | |
| **v.** ) | **Civil Action No. 3:06-CV-0630-K** |
| ) | |
| **ANGELICA MARIA SOTO ALARCON,** ) | |
|     **Respondent.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

The District Court referred Petitioner's "Motion to Enter Judgment or Alternatively to Enforce Settlement" to United States Magistrate Judge Paul D. Stickney. The Court held a hearing on the motion on Wednesday, May 30, 2007. The Court finds that the written settlement agreement between the parties, attached hereto as Exhibit "A," reflects the settlement agreement entered by the parties at the April 5, 2007 settlement conference, as clarified by the Court at the hearing, and should be enforced. The Court hereby recommends that District Court enforce the settlement agreement attached hereto as Exhibit "A."

SO RECOMMENDED, May 30, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Exhibit "A"**

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and among **Tito Alberto Buenrostro Diaz** ("Mr. Diaz"), on the one hand, and **Angelica Maria Soto Alarcon** ("Ms. Alarcon"), on the other hand, hereinafter collectively referred to as the "Parties."

## I.   RECITALS

WHEREAS, Mr. Diaz and Ms. Alarcon married in Mexico on August 15, 1996;

WHEREAS, Alicia Diaz Soto ("Alicia") was born to the marriage on July 20, 1997;

WHEREAS, Juan Diaz Soto ("Juan" and, together with Alicia, the "Children") was born to the marriage on July 4, 1999;

WHEREAS, Mr. Diaz and Ms. Alarcon remain married, although they are separated;

WHEREAS, Mr. Diaz is a citizen of Mexico, residing at Omiltemi #12, Colonia Guerrero, Chilpancingo, Estado de Guerrero, Mexico;

WHEREAS, Ms. Alarcon is a citizen of Mexico who entered the United States with the Children without proper documentation, where the Children currently remain undocumented.  Ms. Alarcon removed the Children from their habitual residence in Mexico and entered the United States illegally on or about May 9, 2002, where she has retained the Children against Mr. Diaz's wishes;

WHEREAS, on October 10, 2002, the Family Court of First Instance for the State of Guerrero found that Mr. Diaz has a right to cohabitate with the Children under Article 64 of the Law for the Protection and Development of Children for the State. Moreover, on October 16, 2002, Judge Norma Leticia Mendez Abarca granted Mr. Diaz's Special Action of Family Coexistence, ordering that Mr. Diaz should be given cohabitation rights with the Children on weekends and half of their vacations;

WHEREAS, Mr. Diaz filed an Application for Assistance under the Hague Convention on the Civil Aspects of International Child Abduction (the "Application"). The application is styled In re Application of Tito Alberto Buenrostro Diaz, Case No. 3:06-CV-0630-K (ECF), pending in the Northern District of Texas, Dallas Division, against Ms. Alarcon, alleging that her removal and retention of the Children is wrongful as the Children were taken outside Mexico, their country of habitual residence, in breach of Mr. Diaz's parental rights of custody under the laws of Mexico, which Mr. Diaz was exercising at the

time of removal;

WHEREAS, the Parties desire to settle fully and finally, in the manner set forth herein, all differences between them which have arisen, or which may arise, prior to, or at the time of, the execution of this Agreement, including, but in no way limited to, any and all claims and controversies arising out of the Application or the relief requested therein; AND

WHEREAS, the Parties intend this agreement to govern their joint custodial rights under the laws of Mexico.

NOW, THEREFORE, in consideration of the Recitals and the mutual promises, covenants, and agreements set forth herein, the Parties intending to be legally bound, hereby
covenant and agree as follows:

## II.   SETTLEMENT TERMS

1. [Added by Judge Sickney]  The previous agreement of the parties with respect to the date for Ms. Alarcon to return to Mexico with the children is changed by the Court's extension of the time at the hearing on May 29, 2007.  Therefore, no later than **June 21, 2007**, Ms. Alarcon shall be in Filo de Caballos, Mexico with the Children, and will inform Mr. Diaz within three (3) calendar days of their arrival in Filo de Caballos, Mexico, and will arrange for Mr. Diaz to visit the children, under the terms set forth in Paragraph II (A)(3), the same week that they arrive in Mexico.

### A.   Covenants Applicable While the Children Are in Mexico

1. While in Mexico, the Parties will work to effectuate their divorce and Ms. Alarcon will take all necessary steps to obtain the Children's ability to reside legally in the United States.

2. Ms. Alarcon and the Children will live with Ms. Alarcon's parents in Filo de Caballos, Mexico.

3. Mr. Diaz and his parents will have visitation with the Children from 6 p.m. Central Time every Friday evening until 6 p.m. Central Time every Sunday evening, and every Thursday for three (3) to four (4) hours during the day. Mr. Diaz will pick the Children up and return them to their residence in Filo de Caballos. While the Children are in Mexico, the Parties will equally split all Mexican national holidays with the Children.

**B.**     **Covenants Applicable While the Children Are in the United States**

1. Ms. Alarcon will only return to the United States with the Children if she and the Children obtain legal status that allows the Children to legally reenter the United States. The Children must have proper documentation such as a U.S. Passport or a Mexican Passport accompanied by a U.S. Visa. Should Ms. Alarcon return to the United States, she will provide Mr. Diaz with written and oral notice of the Children's return to the United States at least two full weeks prior to their departure from Mexico.

2. Ms. Alarcon will provide Mr. Diaz with correct United States contact information, including physical and mailing addresses and an evening telephone number, within twenty-four hours of the Children's arrival in the United States. Ms. Alarcon will further advise Mr. Diaz of any change to such contact information within three days after it is changed.

3. **This is to begin only when the children return to the United States**.[Added by Judge Stickney]

In the event the Children return to the United States, the Parties further covenant and agree as follows:

> a. the Parties will equally share the costs of transporting the Children by coach round-trip air between the nearest international airport to Filo de Caballos, Mexico and the nearest international airport to Ms. Alarcon's place of Texas residence in the United States as required by this Agreement.

> b. Mr. Diaz will have visitation rights to the Children in Mexico, at his primary place of residence, for 35 days during each summer, and during two (2) of the three (3) major school holidays (namely, spring break, fall break, and Christmas break). Visitation during these holidays will alternate so that the Children will spend every other Christmas, including at least one consecutive week containing either December 24th and 25th, or January 6th, in Mexico.

> c. During all times that the Children are in the United States, Mr. Diaz will have regular telephone access to the Children under the terms provided in Paragraph II(C)(3) at the telephone number provided to Mr. Diaz pursuant to Paragraph II(B)(2), Ms. Alarcon will immediately deliver to the Children any correspondence addressed to them from Mr. Diaz, and Ms. Alarcon will provide Mr. Diaz with current photographs of the Children at least once every four months.

> d. Ms. Alarcon is not to take the Children to any country other than the United States or Mexico, or to any state within the United States other than Texas, without Mr. Diaz's prior written approval.

### C. General Covenants

1. Each Party is hereby enjoined from disparaging the other in front of the Children, and from engaging in any kind of physical, mental, or verbal abuse toward the other Party or the Children.

2. Both parents retain their rights with respect to the Children that they are granted under Mexican law.

3. In the interim period between the execution of this Agreement and the Children's return to Mexico at the end of the 2007 school year, Mr. Diaz will have regular telephone access to the Children at (214) 563-1005, including at least one telephone call every Tuesday evening to be initiated by Mr. Diaz, between 6:00 p.m. Central Time and 9:00 p.m. Central Time. If her telephone number changes, Ms. Alarcon will immediately inform Mr. Diaz in writing of the new number where the Children can be reached.

## III.   REPRESENTATIONS AND WARRANTIES

1. Each Party hereby expressly warrants and represents that: (i) he/she is the lawful owner of all claims herein released; (ii) he/she has full and express authority to settle and release the claims as set forth in this Agreement; (iii) he/she has not made any assignment of those claims; (iv) he/she knows of no person or entity that intends to assert a claim by, through, under, or on behalf of such Party; (v) he/she is not relying upon any statements, understandings, representations, expectations, or agreements other than those expressly set forth in this Agreement; (vi) he/she is represented and has been advised by counsel in connection with this Agreement, which such Party makes voluntarily and of his/her own choice and not under coercion or duress; (vii) he/she has made his/her own investigation of the facts and is relying solely upon his/her own knowledge and the advice of his/hercounsel; (viii) he/she has no expectation that the other Party will disclose facts material to this Agreement; and (ix) he/she knowingly waives any claim that this Agreement was induced by any misrepresentation or nondisclosure and any right to rescind or avoid this Agreement based upon presently existing facts, known or unknown. The Parties agree and stipulate that each Party is relying upon these representations and warranties in entering into this Agreement. These representations and warranties shall survive the execution of this Agreement. Each Party has the legal authority to execute and deliver this Agreement and perform its obligations hereunder. This Agreement has been duly and validly executed and delivered by each Party hereto and is the legal, valid, and binding obligation of such Party. The execution, delivery, and performance by each Party hereunder does not, and the compliance with any of the provisions of this
Agreement does not conflict with any contracts, agreements, or orders or rulings of governmental authorities, applicable to such Party.

## IV. REMEDIES FOR BREACH OF AGREEMENT

1. It shall constitute a "Material Breach" for purposes of this Agreement should Ms. Alarcon fail to perform or observe any term, covenant, condition, or agreement contained in Paragraphs II(A)(3), II(B)(1), II(B)(3)(b), II(B)(3)(c), II(B)(3)(d) or II(C)(1).

2. It shall constitute a "Breach" for purposes of this Agreement should Ms. Alarcon fail to perform or observe any term, covenant, condition, or agreement contained in this Agreement (other than those listed in Paragraph IV(1)) and such failure continues for a period of more than ten calendar days.

3. Upon the occurrence and during the continuance of any Breach of this Agreement by Ms. Alarcon, Ms. Alarcon shall be held in contempt of court.

4. Upon the occurrence of any Material Breach of this agreement by Ms. Alarcon, one or both of the following shall immediately occur at the election of Mr. Diaz:

a. Ms. Alarcon will be held in contempt of court;

b. the law enforcement of the United States or Mexico can immediately take the Children and return them to Mr. Diaz; and

c. if the Material Breach involves a failure by Ms. Alarcon to perform or observe any term, covenant, condition, or agreement contained in Paragraph II(B)(1) or II(B)(3)(d), all claims by Mr. Diaz under the Hague Convention shall be tolled without expiration of the one-year deadline for filing such claims and Ms. Alarcon hereby generally waives and releases any right or ability to assert the statute of limitations, waiver, estoppel, or laches as a defense to such claims.

## V. MISCELLANEOUS PROVISIONS

1. If any provision or term of this Agreement is held to be illegal, invalid, or unenforceable under the laws of the United States or Mexico, or of any state or local government of either country, such provision or term shall be fully severable; this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never comprised part of this Agreement; and the remaining provisions of this Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision or by its severance from this Agreement. Furthermore, in lieu of each such illegal, invalid, or unenforceable provision or term there shall be added automatically as a part of this Agreement another provision or term as similar to the illegal, invalid, or unenforceable provision as may be possible and that is legal, valid, and enforceable.

2. This Agreement constitutes the entire Agreement of the Parties, and supersedes all prior and

contemporaneous negotiations and agreements, oral or written, with respect to its subject matter. No representations, oral or written, are being relied upon by either party in executing this Agreement other than the express representations of this Agreement.

3. There shall be no amendments, waivers, or any other modifications to this Agreement other than amendments, waivers, and/or modifications in writing executed by each Party hereto.

4. **This Agreement shall be exclusively governed by and construed in accordance with the laws of the State of Texas without regard to its conflicts of laws provisions, except where preempted by federal law. The Parties acknowledge and agree that this Agreement will be enforceable in Mexico.**

5. One or more waivers of a breach of any covenant, term, or provision of this Agreement by any Party shall not be construed as a waiver of a subsequent breach of the same covenant, term, or provision, nor shall it be considered a waiver of any other then existing or subsequent breach of a different covenant, term, or provision.

6. By executing this Agreement, the Parties acknowledge that (a) they have consulted with, or have had sufficient opportunity to consult with, an attorney of their own choosing regarding the terms of this Agreement; (b) any and all questions regarding the terms of this Agreement have been asked and answered to their complete satisfaction; (c) the Parties have read this Agreement and fully understand its terms and their import; (d) the consideration provided for herein is good and valuable; and (e) the Parties are entering into this Agreement voluntarily, of their own free will, and without any coercion, undue influence, threat, or intimidation of any kind or type whatsoever.

7. This Agreement will terminate automatically, with respect to each of the Children, when each child reaches the age of 18.

8. By executing this Agreement, Ms. Alarcon releases and waives any right to appeal any ruling, finding, verdict, or order issued by the Court in the matter styled In re Application of Tito Alberto Buenrostro Diaz, Case No. 3:06-CV-0630-K.

9. All parties agree that the United States District Court for the Northern District of Texas, Judge Ed Kinkeade, retains jurisdiction to enforce each provision of this Agreement and to order that any party is in contempt of court for failure to abide by its provisions.

10. Each party shall be solely responsible for his or her own attorneys' fees, costs, and expenses related to the Application filed by Mr. Diaz on May 12, 2006.

11. This Agreement is the result of negotiations among and has been reviewed by each Party's counsel, and is the product of each Party hereto. Accordingly, this Agreement shall not be construed against either Party merely because of such Party's involvement in the preparation hereof.

12. Notwithstanding anything else contained herein, each Party irrevocably and unconditionally agrees and consents that, for any and all matters between the Parties, whether now in existence or arising in the future (including, without limitation, enforcement of this agreement, proceedings brought under or related to the Hague Convention, and all other matters), the Childrens' country of habitual residence shall be Mexico.

13. Notwithstanding anything else contained herein, this Agreement shall be binding upon, and enforceable by, each of the Parties until a court of competent jurisdiction located in Mexico, after hearing evidence and live testimony submitted by each of the Parties, enters an order or other form of written judgment addressing the matters contained herein. Upon the entry of any such order or written judgment, this Agreement shall be ineffective only to the extent it directly conflicts with the express terms of such order (including any terms relating to child support payments, in which case those terms would control and would be in replacement of, and not in addition to, the terms relating to child support payments contained herein) or written judgment without invalidating the remainder of such provision or the remaining provisions hereof, unless otherwise agreed to in writing by each of the Parties. Any termination, modification, or ineffectiveness pursuant to this Paragraph shall be immediately rescinded, and this Agreement shall be in full effect, upon the material breach or violation by either Party of the terms of such order or written judgment.

14. All notices to be provided hereunder shall be provided to the following address (for notices required to be in writing) and/or the following telephone number (for oral notices), or such other address as a Party may provide to the other Party in writing:

| | |
|---|---|
| If to Mr. Diaz: | If to Ms. Alarcon: |
| Tito Alberto Buenrostro Diaz | 1505 Russell Drive |
| Omiltemi #12 Col. Guerrero | Garland, Texas 75040 |
| Chilpancingo, Guerrero | United States of America |
| Mexico 39020 | |
| Telephone: 011 52 747 472 5276 | Telephone: 214 563 1005 |

[*THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK*]

EXECUTED in _____, Mexico on this \_\_\_\_\_day of _____, 2007.

Date:                                                    _____
                                                               Tito Alberto Buenrostro Diaz

Date: _____                        _____
                                                               Witness

Date: _____                        _____
                                                               Witness


EXECUTED in _____, Texas on this \_\_\_\_\_day of _____, 2007.

Date: _____                        _____
                                                               Angelica Maria Soto Alarcon

Date: _____                        _____
                                                               Witness
Date: _____                        _____
                                                               Witness